**Dated: September 4, 2015**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-10681-JDL |
| KIMBERLY K. NEIDER, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| CHOICE CAPITAL PARTNERS, LLC, ) | |
| SENIOR RE CHOICE MCKINNEY, LLC, ) | |
| and SENIOR RE CHOICE PLANO, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. Proc. No. 15-1210-JDL |
| ) | |
| KIMBERLY K. NEIDER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION GRANTING**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter comes on for consideration upon the *Plaintiffs' Motion for Partial Summary Judgment Regarding 11 U.S.C. § 523(a)(2)(A) and (a)(4) Claims* filed on August

7, 2015 (the "*Motion*") [Doc. 12].[1] Defendant Kimberly K. Neider ("Neider") filed a *Response* on August 28, 2015 [Doc.18]. The *Motion* seeks summary judgment on Plaintiffs' claims to have the debt owed them determined nondischargeable.[2] The Court, having reviewed the docket sheet, the pleadings before the Court and the argument of counsel, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014 makes the following findings of fact and conclusions of law and enters the following *Memorandum Opinion and* Order.

## Jurisdiction

This is an adversary proceeding brought to determine the dischargeability of a debt. This is a core proceeding under 28 U.S.C § 157(b)(2)(I) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(b)(1).

## Facts

The material facts are not in dispute. Neider provided bookkeeping services to Plaintiffs from 2010 to July 2014. [*Affidavit of Justin Brown*, Doc. 12, Ex.1]. Neider had access to Plaintiffs' checks, accounting records, bank statements, invoices and bills in the course of her employment. [Id]. From January 2013 through July 2014, Neider forged not less than 63 checks from Plaintiffs' bank accounts naming herself as a payee and forging Plaintiffs' manager's signature. [Id]. Neider had no authority to take any of the $517,989.36 she obtained through the forged checks, and was not entitled in any way to those funds. In her *Response*, Neider did not dispute any the factual statements stated above. [*Response*, Doc. 18, ¶1– 18].

---

[1] Hereinafter, references to the United States Bankruptcy Code, 11 U.S.C. §§ 101 - 1330, will be by section number only.

[2] The Plaintiff's remaining claim, not part of the *Motion,* is one for a declaratory judgment establishing a constructive trust or equitable lien upon Neider's property.

2

On August 14, 2014, the Oklahoma County District Attorney's Office filed an *Information* against Neider in the case styled "*State of Oklahoma v. Kimberly Neider, Case No. CF- 2014-5377 (*the "Criminal Case"), charging her with 5 counts of forgery and 5 counts of embezzlement. [Doc. 12, Ex. 2].

On November 14, 2014, Neider entered a "blind plea" in the Criminal Case in which she waived her right to trial and pled guilty to forgery and embezzlement. [Doc. 12, Ex. 3]. In her *Plea of Guilty and Summary of Facts*, Neider admitted:

> "On 8-22-13, 10-18-13, 10-17 -13, 3-7-14 and 3-14-14, I was entrusted to (sic) funds owned by my employer at the time, and took said funds wrongfully to keep as my own- on each of the above dates in value each time of $1000- $25,000.  On 10-29-13,1-29-14, 3-29-14, 4-25-14,and 7-9-14, I caused checks to be issued wrongfully to myself, from my employer and cashed said checks - on or about each of these above dates.  All of these events occured (sic) in Oklahoma County - Total Estimated loss of $517,989.36.  s/Kimberly Neider "

[*Plea of Guilty and Summary of Facts*, Doc. 12, Ex. 3 ¶ 25].  In her *Response*, Neider does not dispute executing the Plea of Guilty and Summary of Facts. [ Doc. 18, ¶ 17].

On February 27, 2015 and Neider filed her voluntary petition under Chapter 13 of the Bankruptcy Code. [#15-10681, Doc.1].  On April 8, 2015, the case was converted to one under Chapter 7. [#15-10681, Doc.13].

On April 14, 2015, the District Court of Oklahoma County convicted Neider of embezzlement and forgery and sentenced her to 50 years, 12 years in prison and 38 years outside prison, and to pay costs. [Doc.12, Ex. 4, Amended Judgment and Sentence].  As part of the Amended Judgment and Sentence, the court entered a *Supplemental Court Order: Community Service-Restitution-Court Cost* in the total amount of $598,026.97 with interest at 4% per annum. [Doc.12, Ex.4, pg. 7].

## Summary Judgment Standards

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Courts must review the evidentiary material submitted in support of the motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

When considering a motion for summary judgment, the court views the record in the light most favorable to the party opposing summary judgment. See, *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the parties opposing the motion for summary judgment"); *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 BR 990, 995 (10th Cir. BAP 1997). Denial of summary judgment requires existence of genuine material issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 82, 250, 106 S. Ct. 2505 (1986). No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole, could not find for the party opposing the summary judgment. See

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578, 106 S. Ct. 1348 (1986) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial"). "[T]he non-moving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof". *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

### Discussion

Plaintiffs contend that Neider's obligation to them is non-dischargeable under § 523 (a)(2)(A) for debts incurred through actual fraud (forgery) and § 523(a)(4) for debts incurred by embezzlement. Based on the undisputed facts, it seems to be little doubt that the Plaintiffs may very well be entitled to summary judgment on those claims; however, there is a much more direct basis, one which eliminates consideration of intent or any aspect of Neider's mental condition, to deny Neider a discharge which the Plaintiffs have not asserted – § 523(a)(7).[3] That section provides that an individual debtor is not discharged

---

[3] It is well-settled that District Courts possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that he or she had to come forward with all of her evidence. Fed. R. Bankr. P. 7056(f)(2) (". . . the court may grant the motion on grounds not raised by a party"); (*Wilcox v. Raintree Inns of America, Inc.*, 76 F.3d 394, 1996 WL 48857 (10th Cir. 1996); *Hand v. Matchett,* 957 F.2d 791, 794, n.4 (10th Cir. 1992). Likewise, a district court may not grant summary judgment on grounds not urged by the moving party without giving adequate notice to the non-moving party, unless there is no prejudice to the non-moving party. See *Routman v. Automatic Data Processing, Inc.* 873 F.2d 970 (6th Cir. 1989). By its *Order Granting Enlargement of Time Respond to Motion for Partial Summary Judgment and Notice of Additional Issue* entered on August 21, 2015 [Doc.14], the Court gave notice to Neider that she could, if she so chose, address the applicability of § 523(a)(7). In her *Response to Plaintiff's Motion For Partial Summary Judgment,* in addition to the § 523(a)(2) and (4) claims of Plaintiffs asserted in the *Motion,* Neider did address the § 523(a)(7) issue raised by the Court. Moreover, at the hearing on Plaintiff's Motion to Lift Stay held on June 3, 2015, the Court stated from the bench that in addition to the Plaintiffs' stated claims of nondischargeability based on fraud and embezzlement there existed the additional ground of § 523(a)(7). [#15-10681, Doc. 39, pg. 20, ll. 13-16].

of any debt " to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . .".

In 1986, the United States Supreme Court established that criminal restitution orders are excepted from discharge under § 523(a)(7) in the case of *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353 (1986).  In *Kelly*, a restitution order was entered prior to the debtor's bankruptcy and the issue presented was whether the debt arising from the restitution order was dischargeable.  The restitution order had been imposed in connection with the debtor's conviction for welfare fraud. The debtor argued that on its face § 523(a)(7) does not except from discharge a "fine, penalty, or forfeiture" that is "compensation for actual pecuniary loss", which seems to accurately describe a criminal restitution obligation which is usually payable for the benefit of the victim.  The Supreme Court recognized an historical "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings", and held:

> "Congress included two qualifying phrases in § 523(a)(7); the fines must be both 'to and for the benefit of a governmental unit,' and 'not compensation for actual pecuniary loss.' . . . Unlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused.
>
> In our view, neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution".

479 U.S. at 51-52, 107 S.Ct. 353.  In short, in determining the dischargeability of a debt it matters not that the victim is the beneficiary of the restitution order. In *Troff v. Ellis* (*In re Troff)*, 488 F.3d 1237 (10th Cir. 2007), the Tenth Circuit concluded that a court-imposed restitution obligation could not be discharged even though the debtor's restitution payments

6

were forwarded to the crime victim. The Tenth Circuit interpreted *Kelly* as applicable to "any obligation imposed as part of a criminal sentence". Id. at 1240.

*In re Williams,* 438 B.R. 679, 687 (10th Cir. BAP 2010), the Tenth Circuit made clear that it matters not if the restitution order is entered before or, as in the present case, after the filing of bankruptcy:

> "Because § 523(a)(7) is self-executing – that is, it does not require either party to obtain a judgment declaring the debt excepted from discharge – the State of Colorado's right to impose restitution as part of a sentence upon conviction of a pre-petition crime (and the victim's right to benefit from such restitution) was automatically excepted from (the debtor's) discharge under § 523(a)(7). Accordingly, the post-discharge entry of the restitution order did not violate the debtor's discharge and therefore is not void under § 524(a)(1)".

This Court is bound by the Tenth Circuit decisions of *In re Troff* and *In re Williams* that all state-imposed criminal restitution obligations, whether entered pre-or post-petition, are non-dischargeable in bankruptcy. *United States v. Vetter,* 895 F.2d 456 (8th Cir. 1990); United States v. Pepper, 51 F.3d 469 (5th Cir.1995) (discharge injunction does not preclude restitution order). In the case at bar, it is clear the District Court of Oklahoma County ordered Neider to pay restitution as part of her criminal sentence.

The Oklahoma criminal restitution statute, *22 O.S. § 991f(B),* provides as follows:

> "In all criminal prosecutions and juvenile proceedings in this state, when the court enters an order directing the offender to pay restitution to any victim for economic loss or to pay to the state any fines, fees, or assessments, the order, for purposes of validity and collection, shall not be limited to the maximum term of imprisonment for which the offender could have been sentenced, nor limited to any term of probation, parole, or extension thereof, nor expire until fully satisfied. The court order for restitution, fines, fees or assessments shall remain a continuing obligation of the offender until fully satisfied, and the obligation shall not be considered a debt, nor shall the obligation be dischargeable in a bankruptcy proceeding. The court order shall continue in full force and effect with the

7

>supervision of the state until fully satisfied, and the state shall use all methods of collection authorized by law."

In her *Response,* Neider contends that 22 O.S. § 991f, "specifically states that the restitution is for compensation to the victim . . . and is therefore not a fine, penalty or forfeiture to a governmental unit and which is not to compensate the victim for pecuniary loss.". That argument was rejected by Kelly and its progeny, Troff and Williams. The "not compensation for actual pecuniary loss" phrase in § 523(a)(7) has long been interpreted to refer to the government's pecuniary loss and that "so long as the government's interest in enforcing the debt is *penal*, it makes no difference that injured persons may thereby receive compensation for pecuniary loss". *U.S. Department of Housing and Urban Development v. Cost Control Mktg. & Sales Management of Virginia, Inc.*, 64 F.3d 920 (4th Cir. 1995).

Determining whether a penalty is compensatory for purposes of § 523(a)(7) involves deciding whether its establishment is "rooted in the traditional responsibility of the state to protect its citizens." *Kelly*, 479 U.S. 52; *In re Weibe*, 485 B.R. 667, 671 (Bankr. D. Kan. 2013) ("the Supreme Court has held that even criminal restitution that is based on the extent of the damage caused by defendant to his or her victim may be categorized as a penalty for (a)(7) purposes if it is part of the defendant's punishment for violating the law and is nondischargeable."). While federal, not state, law determines dischargeability, *Tit. 22 O.S.§ 991f(B)* makes it clear that Oklahoma law regards such restitution not as a normal debt, but rather part of the penal power of the state over which it has continuing supervisory authority. Under *Kelly,* this makes the order for restitution non-dischargeable.

**Decision**

The Court finds that the Plaintiffs *Motion for Partial Summary Judgment* should be granted, and that Neider's obligation under the the restitution order entered by the District Court of Oklahoma County be determined non-dischargeable. The Court need not address Plaintiffs' claims that Neider's obligation to them is also non-dischargeable under § 523(a)(2)(A) and/or § 523(a)(4).

Pursuant to Fed. R. Bankr. P. 9021 a separate judgment will be entered contemporaneously with and in accordance with this *Memorandum Opinion*.

# # #